*E-Filed 09/09/2010*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANNA VERTKIN, MD, | No. C 10-00775 RS |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |
| v. | |
| WELLS FARGO HOME MORTGAGE, et al., | |
| Defendant. | |

## I. INTRODUCTION

This is a Motion to Dismiss myriad claims brought by plaintiff Anna Vertkin relating to the foreclosure of her property in Marin County, California. Defendants argue that plaintiff's Complaint should be dismissed for three reasons. First, they assert that plaintiff lacks standing to pursue these claims. Second, they claim plaintiff is estopped from bringing a cause of action against them because she did not include these claims in her bankruptcy schedule. Finally, defendants suggest that plaintiff's claims do not meet the requirements of Federal Rule of Civil Procedure 12(b)(6). This matter was deemed appropriate for resolution without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, defendant's Motion to Dismiss is GRANTED with leave to amend.

No. C 10-00775
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND

## II. FACTS

In August of 2005, plaintiff and her then husband, Michael Vertkin, purchased a home in Mill Valley, California. The couple took out a $950,000 loan, which was secured by a Deed of Trust on the property.[1] Plaintiff and Michael Vertkin were divorced in 2006. In November of 2007, plaintiff's property caught fire and sustained serious damage. On October 16, 2008, plaintiff filed for Chapter 7 Bankruptcy. In compliance with the procedures required in bankruptcy proceedings, plaintiff filed a schedule which listed all of her personal assets on October 31, 2008. (RJN, Exh. H.) Item 35 of plaintiff's Personal Property Schedule asks her to list "[o]ther personal property of any kind not already listed." *Id.* Plaintiff listed five causes of action she was involved in at the time: (1) *Vertkin v. California Physician Services*; (2) *Arbitration v. E-Trade CO*; (3) *Vertkin v. California Physicians Services et. al.*, settlement proceedings; (4) Proceeds of State Farm fire claim for reconstruction and my clothes; and (5) *Vertkin v. Vertkin*. The bankruptcy case remains pending. In January of 2009, plaintiff initiated a lawsuit against the bankruptcy judge assigned to her case.

By October 1, 2009, plaintiff and Michael Vertkin defaulted on the loan secured by the property. (RJN, Ex. B.) The default was not cured, and a Notice of Trustee's Sale was recorded on January 5, 2010. (RJN, Ex. C.) On January 25, 2010, plaintiff filed a Complaint in the Superior Court of California for the County of Marin against defendants, "Wells Fargo Home Mortgage, First American Loanstar Trustee, Frank Howard Allen Realtors, and natural persons Does 1 to 100." (Compl., 1.) While the Complaint designates four claims for relief, as defendants correctly point out, it actually suggests nine claims for relief against defendants; (1) seeking an injunction prohibiting the non-judicial foreclosure of the property; (2) seeking an injunction prohibiting a foreclosure sale; (3) an action to compel Wells Fargo to identify or hire legal counsel; (4) waste of

---

[1] The Court takes judicial notice of the Deed of Trust, the Notice of Default, Notice of Trustees Sale, the court docket in plaintiff's bankruptcy proceedings, the court docket for plaintiff's adversary bankruptcy proceeding against the bankruptcy judge, and plaintiff's Chapter 7 bankruptcy schedules. Under Federal Rule of Evidence 201, "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In other words, "the fact must be one that only an unreasonable person would insist on disputing." *Walker v. Woodford*, 454 F. Supp. 2d 1007, 1022 (S.D. Cal. 2006) (*quoting United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994)) (internal quotation marks omitted). These documents are all publically available, and not subject to reasonable dispute.

the property; (5) intentional infliction of emotional distress; (6) conversion; (7) trespass to land; (8) libel and defamation; and (9) conspiracy.

Defendants removed this case to this Court on February 24, 2010.  Subsequently, plaintiff filed a response to defendant's Motion and a Motion to Change Venue.  (Docs. 23, 38.)  Plaintiff's Motion challenges the removal of these proceedings from Marin County Superior Court to the United States District Court for the Northern District of California.  Plaintiff argues this Court lacks both personal and subject matter jurisdiction, and seeks transfer of the action to State court.[2]

### III.   DISCUSSION

#### A.   Standing

Defendants move to dismiss plaintiff's Complaint on the grounds that plaintiff lacks standing to bring these claims.  When a debtor files for bankruptcy protection, "an estate is created, which is comprised of all of the debtor's property interest at the time of filing." *In re Kottmeir*, 240 B.R. 440, 442 (Bankr. M.D. Fla. 1999).  *See also*, 11 U.S.C. § 521(a)(1).  The property of a bankruptcy estate includes "all legal or equitable interest of the debtor in property as of the commencement of the case."  11 U.S.C. § 541(a)(1).  The scope of Section 541 "is broad, and includes causes of action." *Sierra Switchboard Co v. Westinghouse Elec. Corp.*, 789 F.2d 705, 707 (9th Cir. 1986) (*citing United States v. Whiting Pools Inc.,* 462 U.S. 198, 205 n.9 (1983)).  The debtor's assets may also include causes of action that have arisen in the interim period between the initial bankruptcy petition and the final relief from debt. *Kottmeier*, 240 B.R. at 442.  If an asset comes into being after a debtor files the Chapter 7 petition, "the debtor is well-advised to amend [his or her] schedule of assets accordingly, for the effect of failure to schedule an asset is that the Debtor cannot later claim it has been abandoned by the Trustee in favor of the Debtor." *Id*.

Once an individual declares bankruptcy, any legal or equitable interests he or she had in a particular property belongs to the bankruptcy estate, as represented by the bankruptcy trustee. *Turner v. Cook*, 362 F.3d 1219, 1225-26 (9th Cir. 2004) (concluding that an individual who declared bankruptcy did not have standing to bring an appeal).  Absent abandonment of an asset, the

---

[2] A motion to remand must be made within thirty days after defendants file a notice of removal.  28 U.S.C. § 1447(c).  Plaintiff's Motion for Change of Venue was filed on August 12, 2010.  To the extent plaintiff's motion challenges the removal proceedings, the Court declines to address these arguments because the Motion was untimely.

No. C 10-00775
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND

trustee remains the sole representative of the estate. *See In re Lopez*, 283 B.R. 22, 28-29 (9th Cir. BAP 2002) (holding that a sexual harassment cause of action belonged to the estate, not the debtor); 11 U.S.C. § 514(d) (property not abandoned or administered by the Trustee remains property of the estate).

Plaintiff's bankruptcy proceedings are ongoing. Vertikin's property, including any legal claims she may have, belong to the estate. *In re Lopez*, 283 B.R. at 28-29. Moreover, the trustee has not abandoned any such claims. Vertkin contends that the claims contained in her Complaint were abandoned when the bankruptcy court granted the trustee's motion to abandon plaintiff's real property on December 31, 2009. However, the trustee cannot abandon a property interest that was never included in the debtor's schedule. (RJN, Exh. H.) Due to the nature of the bankruptcy proceedings, the bankruptcy trustee is the sole entity in control of Vertkin's estate. *Turner*, 362 F.3d at 1225-26. Accordingly, plaintiff does not have standing to bring this action.

B. Estoppel

Additionally, plaintiff is estopped from making claims which she omitted from her bankruptcy schedule. Judicial estoppel is an equitable doctrine which "precludes a party from gaining an advantage by taking one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co*, 270 F.3d 778, 782 (9th Cir. 2001). The Ninth Circuit has held that "[i]n the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosures statements." *Hamilton*, 270 F.3d at 783. *See also, Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992) (failure to give notice of a potential cause of action in a bankruptcy schedule estops the debtor from prosecuting that cause of action). Judicial estoppel is imposed when the debtor "has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." *Hamilton*, 270 F.3d at 784.

Plaintiff's Complaint is clearly inconsistent with her position in the ongoing bankruptcy proceedings. In the bankruptcy proceedings, Vertkin seeks discharge of debt from creditors

including the Wells Fargo defendants.  This position is contrary to her argument in this case, which seeks damages against many of the same defendants.  Moreover, in reviewing the docket from Vertkin's bankruptcy proceedings, it does not appear that she has amended her schedule of assets to include this claim.  When Vertkin filed for bankruptcy in October 2008, the events leading to her claim against defendants had not occurred.  In order to avoid estoppel, however, plaintiff was required to amend her bankruptcy schedule to include this claim once she gained knowledge of enough facts to give rise to a potential cause of action.  *Hamilton*, 270 F.3d at 784.  Accordingly, plaintiff is judicially estopped from pursuing this cause of action against defendants.

## V.  CONCLUSION

The complicated nature of plaintiff's bankruptcy proceedings prohibit her from bringing this claim against defendants here because she does not have standing and her claims are judicially estopped.  Any cause of action pertaining to the Marin property must be brought by the trustee while the bankruptcy proceedings are pending.  Plaintiff is not in a position to bring this claim against defendants, and therefore, it is unnecessary to discuss whether plaintiff's Complaint satisfies Rule 12(b)(6).  Defendant's Motion is GRANTED, and Vertkin may amend her Complaint should the problems detailed above find resolution.

IT IS SO ORDERED.

Dated: 09/09/2010

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE